NUMBER
13-09-00473-CR

 

                                 COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG


____________________________________________________________

 

ALBERT
FOLEY, JR.,                                                                   Appellant,

 

                                                             v.

 

THE
STATE OF TEXAS,                                                                 Appellee.


____________________________________________________________

 

                           On
appeal from the 329th District Court 

                                      of
Wharton County, Texas.

____________________________________________________________

 

                 CONCURRING
MEMORANDUM OPINION 





 





                     Before
Justices Yañez, Garza, and Benavides

Concurring
Memorandum Opinion by Justice Yañez












 

Although I agree with the majority=s disposition of appellant=s complaint of ineffective assistance of counsel, I
write separately to express my view regarding one of his complaints. 
Accordingly, I respectfully concur with the majority=s disposition.

By a sub-issue, appellant complains that his trial
counsel rendered ineffective assistance by, among other omissions, only
visiting him once in the jail before trial.  Appellant=s trial counsel, Richard L. Manske, submitted an affidavit in which he
states, in relevant part, that he Amet with [his] client at least once in the jail and
several times in court when [appellant] made various appearances.@  

Although the majority falls short of endorsing such
a practice, it declines to find that a trial counsel=s failure to meet with a client more than onceCnot counting during court  appearancesCconstitutes
performance so deficient that it falls below an objective standard of reasonableness.[1] 
I disagree.  Conferring with a client immediately prior to, or during, a court
appearance cannot provide the privacy and confidential circumstances necessary
to develop an effective strategy.  I would therefore not presume that counsel=s failure to meet with appellant more than onceCother than at court appearancesCfell within the wide range of reasonable
professional assistance.[2]

However, I agree with the majority that even
assuming, as I do, that counsel=s conduct fell below the objective standard of
reasonableness, appellant failed to establish that a different result would
have occurred had his counsel acted differently.[3] 
Accordingly, I would overrule his issue.

LINDA
REYNA YAÑEZ,

Justice

 

Publish. 


Tex. R. App. P.
47.2(b).

Concurring
Memorandum Opinion delivered and filed the

21st
day of December, 2010.

 











[1] See Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). 





[2] See id. at
813.  





[3] See id. at
812.